# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., et al. | * | CIVIL ACTION |
| | * | No. 19-CV-01418 |
| v. | * | SECTION: J(2) |
| BP EXPLORATION & PRODUCTION INC., et al. | * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |

## ORDER

Before the Court is O'Brien's Response Management, L.L.C. ("O'Brien's") and National Response Corporation's ("NRC," and together with O'Brien's, the "Responders") Partial Motion to Dismiss BP's Amended Counterclaims. (Rec. Doc. 39). BP Exploration & Production Inc. and BP America Production Company's (together, "BP") filed a response (Rec. Doc. 51), to which the Responders filed a reply (Rec. Doc. 56). The Court has considered the motion on the briefs and without oral argument.

This Order largely assumes the reader's familiarity with this case and the instant motion. The Responders seek to dismiss (1) BP's claim for unjust enrichment against both Responders, including the accompanying request for disgorgement (Count IV of BP's Amend. Countercl., Rec. Doc. 32); (2) BP's claim for declaratory judgment against NRC (Count III of BP's Amend. Countercl., Rec. Doc. 32), and (3) BP's breach of contract claim against O'Brien's related to BP's additional insured status (Court II of BP's Amend. Countercl., Rec. Doc. 32). As to the unjust enrichment claim, the Court agrees with the Responders that no such claim exists when the claim

is based on a relationship that is controlled by an enforceable contract. Because there is no dispute that a contract did in fact govern the relationship between BP and each of the Responders, the Court will partially grant the motion and dismiss BP's unjust enrichment claim and the accompanying request for disgorgement.[1] As to the remainder of the motion, the Court finds that it should be denied for essentially the reasons advanced by BP.

Accordingly,

IT IS ORDERED that the Responders' Partial Motion to Dismiss BP's Amended Counterclaims (Rec. Doc. 39) is GRANTED IN PART, and BP's claim for unjust enrichment against the Responders and the accompanying request for disgorgement (Count IV of BP's Amend. Counterclaim, Rec. Doc. 32) are DISMISSED.

IT IS FURTHER ORDERED that the Responders' Partial Motion to Dismiss BP's Amended Counterclaim (Rec. Doc. 39) is, in all other respects, DENIED.

New Orleans, Louisiana, this 21st day of January, 2020.

_____
United States District Judge

---

[1] Responders' argument regarding unjust enrichment relies on Louisiana law. *See, e.g.*, *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins.*, 376 F.3d 399, 408 (5th Cir. 2004). While BP does not explicitly argue that Louisiana law does not govern this issue, it does cite to a case that applied Florida law. *See Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013). However, even *Licul* held that an unjust enrichment claim should be dismissed when it relies upon the same factual predicate as the plaintiff's legal cause of action, as "it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *Id.* Therefore, the Court need not and does not decide what law applies here. BP's unjust enrichment claim fails under either of the cited laws.